UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DORIS HUTCHINSON,                             :     MEMORANDUM DECISION
                                              :          AND ORDER
                     Plaintiff,         :
                                              :     07 CV 10716 (GBD)
    -against-                              :
                                              :
ATTORNEY GENERAL, THE HONORABLE               :
MICHAEL B. MUKASEY, et al.,                   :
                                              :
                     Defendants.        :
------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

      Plaintiff Doris Altagracia Hutchinson De Yeara ("plaintiff") brings this citizenship action petitioning the Court to order defendants and their agents to administer the Oath of Allegiance to plaintiff. Defendants contest the motion, asserting that this Court does not have jurisdiction over plaintiff's claims, or in the alternative, that this Court may not make such an order, as plaintiff is not, and is not currently eligible to become, a citizen of the United States.

      Plaintiff is a citizen of the Dominican Republic. She was born there on May 18, 1944. Plaintiff immigrated to the United States in 1984 at the age of forty. She obtained her lawful permanent residency status through marriage. At no time before 1984 did plaintiff travel to or live in the United States. She was never granted United States citizenship through naturalization. In August 2006, plaintiff was placed in removal proceedings after being convicted of attempted sale of cocaine, an aggravated felony. Plaintiff subsequently contested the proceedings on the grounds that she was entitled to U.S. citizenship on a derivative basis through her father, a United States citizen, born in St. Croix, Virgin Islands.[1] Plaintiff asserted

---

[1] The United States purchased St. Croix from Denmark in 1917 for $25 million. In 1927, inhabitants of the U.S. Virgin Islands (St. Thomas, St. John, and St. Croix) were given U.S.

that although her father moved to the Dominican Republic in or around 1933, he maintained his U.S. citizenship.

At plaintiff's removal hearing, the Immigration Judge for the United States Immigration Court in New York ("USCIS"), opined that "it appears that respondent was a citizen of the United States through her father at the time of birth, but lost her citizenship by failing to meet the physical presence requirements for retention of citizenship before she became an adult."  Id. Notwithstanding the judge's position that plaintiff may have previously been a United States citizen and that the law allowed plaintiff to regain her status[2], the immigration judge refused to release plaintiff from custody.  He entered an order of removal because plaintiff had not become a citizen by being administered the oath of allegiance.  The judge did not order Department of Homeland Security ("DHS") to administer the oath.  Id.

On November 30, 2007, plaintiff filed a complaint with this Court, alleging that plaintiff was eligible for citizenship and petitioning the court for relief in the form of an order to DHS to administer the oath to plaintiff.  On December 6, 2007, this Court heard oral argument on the matter.  Plaintiff contends that this Court has jurisdiction, under the All Writs Act, 28 U.S.C. § 165, to order DHS to administer the oath to plaintiff.  It is not entirely clear whether she is

---

citizenship.

[2]While the Immigration Judge acknowledged that plaintiff had a U.S. citizen father and opined that plaintiff was a citizen at birth and appeared to be eligible to regain citizenship pursuant to 8 U.S.C. § 1435, the factual record does not support a conclusion that plaintiff had met every requirement of citizenship. See Decision of Vomacka, J.,(U.S. Immigration Court, Dec. 18, 2006).  Moreover, defendants contend that, notwithstanding plaintiff's father's U.S. citizenship, plaintiff was an illegitimate child because her parents did not marry until she reached age twenty.  Therefore, since she was not a citizen at birth, she cannot regain her status under the statute. Defendants' Memorandum of Law in Support of Dismissal, at 2-5.

seeking to challenge her removal proceedings or is seeking a declaration of United States citizenship by this Court. However, neither claim is properly before this Court.

The All Writs Act ("Writs Act") provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Second Circuit has held that the Writs Act:

> while not conferring an independent basis of jurisdiction, provides a tool courts need in cases over which jurisdiction is conferred by some other source, and in such cases the Writs Act authorize[s] a federal court to issue such commands ... as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.

Sprint Spectrum L.P. v. Mills, 283 F.3d 404, 413 (2d Cir. 2002) (quoting United States v. Tablie, 166 F.3d 505, 506-07 (2d Cir. 1999); Penn. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 40, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985) (internal citations omitted)).

This Court has no independent basis to order DHS to administer the oath as jurisdiction over plaintiff's removal or citizenship claim does not lie in this Court. The Writs Act, alone, does not confer such jurisdiction. Where an individual asserts a derivative right to citizenship through a citizen parent, he or she generally may proceed down either of two routes, neither of which lead plaintiff directly to this Court. See Simmons v. U.S. Citizenship & Immigration Serv., No. 05CV1848 (SLT), 2006 WL 1652650, at *4 (E.D.N.Y. June 12, 2006) (citing Anees v. Ashcroft, No. 02CV1393 (DJS), 2004 WL 1498075, at *2 (D.Conn. July 2, 2004).

First, an individual can raise her citizenship claim during the course of removal proceedings, as plaintiff in this case did. If unsuccessful at the removal stage, petitioners have an avenue to the federal courts for review of their claims. Claims brought at this stage fall under

the exclusive purview of 8 U.S.C. § 1252 (b), which requires a petition for review to be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252 (b)(2). Such an action must be filed "not later than 30 days after the date of the final order of removal." 8 U.S.C. 1252 (b)(1). Plaintiff has correctly filed such a claim with the United States Court of Appeals for the Second Circuit. The matter is currently pending. Moreover, if the Second Circuit finds "from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim." 8 U.S.C. § 1252(b)(5)(A). If the Second Circuit finds, "that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28." 8 U.S.C. § 1252(b)(5)(B)

    Second, in the absence of removal proceedings, an individual may proceed administratively, by submitting an application for certificate of citizenship (Form N-600) with the USCIS. If that application is denied, an appeal may be made to the Administrative Appeals Unit ("AAU"). Simmons, *supra*, at *4. Subsequently, an individual may, "within five years after the final administrative denial" file an action for declaratory judgment "in the district court of the United States for the district in which such person resides or claims a residence." 8 U.S.C. § 1503(a). This administrative route, however, is foreclosed to individuals where removal proceedings are already pending. Where nationality is put to issue by a removal proceeding, Section 1252(b) provides the "only avenue by which a person may seek judicial determination of

his or her status as a national of the United States." Simmons, *supra*, at *4 (quoting Chau v. Immigration & Naturalization Serv., 247 F.3d 1026, 1028 n. 2 (9th Cir. 2001).

In this case, plaintiff separately filed an administrative N-600 application, although removal proceedings against her had already commenced. On January 16, 2007, USCIS sent plaintiff a letter denying her citizenship request on its merits. The letter stated that plaintiff had failed to meet the required elements for citizenship of Section 301[3] of the Immigration and Nationality Act. Information was provided to plaintiff about how to appeal the decision.[4] Plaintiff did not appeal the USCIS decision to the AAU, the required step before proceeding to the district court located in plaintiff's place of residence. Moreover, the administrative application procedure was never properly available to plaintiff, as she was already in the midst of removal proceedings. Plaintiff's proper and only recourse in this matter is to petition the Second Circuit Court of Appeals, the judicial circuit in which the immigration judge completed the removal proceedings. 8 U.S.C. § 1252 (b)(2). Plaintiff has already begun that step.

Plaintiff may not escape the prescribed avenues through which she may seek a

---

[3]USCIS found that plaintiff's submissions "were insufficient to establish that plaintiff's father was physically present in the United for at least 10 years, at least 5 of which were after his fourteenth birthday in accordance with Section 301." Decision of N-600 Application for Certificate of Citizenship for Doris Altagracia Hutchinson Yeara, Department of Homeland Security, Citizenship and Immigration Services, January 16, 2007.

[4]In its letter, the USCIS provides: "[y]ou may if you wish, appeal this decision. You must submit such an appeal to This Office with a filing fee of $385.00. If you do not file an appeal within the time allowed, this decision is final. Appeal in your case may be made to: The Administrative Appeals Unit (AAU) in Washington D.C. It must reach this office within 30 calendar days from the date this notice is served (33 days if this notice is mailed)." Decision of N-600 Application for Certificate of Citizenship for Doris Altagracia Hutchinson Yeara, Department of Homeland Security, Citizenship and Immigration Services, January 16, 2007.

declaration of citizenship, or contest her removal, by independently requesting this court to order DHS to administer the oath. Instead, she must seek relief through the appropriate channels prescribed by statute. Moreover, the factual record before this Court does not support a conclusion that plaintiff fulfills the citizenship requirements to support the injunctive relief she seeks. Serious questions remain about plaintiff's eligibility for citizenship. USCIS has already ruled against plaintiff, a decision which plaintiff did not appeal. This Court cannot order the government agency to administer the Oath of Allegiance to plaintiff.

Plaintiff's application for injunctive relief is DENIED. Plaintiff's complaint is DISMISSED.

Dated: New York, New York
    December 10, 2007

SO ORDERED:

*[signature]*
GEORGE B. DANIELS
United States District Judge